# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## Page's Adm'x v. Lindsay and Others.

### June 13th, 1889.

Trusts—*Insufficient proof—Case at bar.*—P., trustee of real and personal property for his adult children, in his own name rented a hotel, listed the furniture for taxation, and paid most of the purchase money, one of the children being a partner in the business. The real estate remaining unsold after trustee's death, the children claimed the furniture as having been bought with the trust funds : *held,* the evidence in the case is not sufficient to establish the claim of the children.

Heard at Richmond.    Decided at Wytheville.

Appeal from decree of chancery court of city of Richmond rendered February 25, 1888, in a creditor's suit wherein Lindsay and others were complainants and John M. Page's widow and administratrix and children were defendants. The decree being adverse to the defendants, they appealed. Opinion states the case.

*O. Howard,* for the appellants.

*J. Lyon* and *H. Wilson,* for the appellees.

Lacy, J., delivered the opinion of the court.

The case is as follows : A creditors' bill was filed in March, 1884, against John M. Page's administratrix, the appellant. The said John M. Page, then deceased, had been the lessee of

the St. James hotel, in the city of Richmond, and at his death his wife, the appellant, qualified as administratrix upon his estate, giving a bond in the penalty of $200.

The bill of Lindsay and others (Lindsay being the butcher who supplied the hotel with meat, and Charles H. Page, coal and wood dealer, who had furnished fuel to the hotel), in behalf of themselves and all other creditors who should come into the suit, set forth that they were creditors in large amounts; that John M. Page had left $7,000 00 or $8,000 00 worth of furniture and fixtures at the hotel, belonging to his estate, which had gone into the hands of his administratrix, and which she was trying to sell and dispose of, although she had given only a $200 bond, the said administratrix claiming that the property was not the individual property of John M. Page, but was trust property, not liable for his debts; that the said administratrix was personally insolvent; that there was a lien on the property, to secure the rent to the lessors, Belvin's executrix and executor—praying for an injunction and a receiver to take charge of the property, sell the same, and for the payment of the debts of John M. Page, deceased.

The administratrix (the widow) and the children of the said John M. Page answered, claiming under the alleged trust.

Belvin's executor filed a petition, claiming a rent of $2,000, and sued out also a distress warrant for the said rent. Other creditors came in, and there was a consent order by which the property was sold and the money placed in bank to the credit of the cause, the sales amounting to over $5,000.

Some testimony was taken and the cause referred to a commissioner, who reported in favor of the trust, as claimed by the administratrix, saying:

" It has been with the greatest difficulty and labor that your commissioner has been able to get evidence sufficient to make any report in response to the inquiries directed by said decree of June 30th, 1885, the counsel in the cause, whose business it was to furnish the information necessary, seeming to have lost

all interest in the same;" and reported the debts of the said plaintiffs, but seemed to regard the proof as to them as far from satisfactory.

On the 25th of February the court sustained the exceptions filed by the creditors of the said John M. Page, the said Belvin's executor, and the petitioning creditors, the Olldman Cahney Company, and decreed them their debts out of the fund in bank.

And the court, being of opinion that it would be premature to pass further upon the said report of commissioner Steger and the exceptions thereto, until the inquiries to be directed reserved all other questions and directed accounts:

First. Of the transactions of Jno. M. Page as trustee and the balance due from him on that account.

Second. To make up a scheme for the distribution of the remainder of the fund remaining after the payment of the rent and the debt to the executor's creditor and the priority of the debts.

Third. An account of the trust fund, if any, due W. L. Page, the son and business partner of Jno. M. Page.

Fourth. For any other accounts appearing necessary or required.

From this decree the administratrix and the children of Jno. M. Page appealed to this court.

By the action of the court in sustaining the first exception of Belvin's executor, the court decided that the conclusion of the commissioner, that the property in the St. James hotel was purchased by Jno. M. Page with money derived from the trust fund mentioned in said report, is not justified by the evidence in the cause.

This involves the simple question of fact whether the evidence is clear and distinct in the establishing by proof that trust funds had been here invested by the trustee in the purchase of property in his own name. The commissioner, as we

have seen, regarded the evidence as meagre, and the court considered it as insufficient.

So far as the evidence in the record goes, there is no proof of a trust fund in the hands of the alleged trustee sufficient to make the purchase which was made; and it is not to be doubted that a large part of the alleged trust property was not actually sold, but removed to the St. James hotel from the Charlottesville hotel.

While it is clear that the lease was taken by Jno. M. Page in his own name, all the property listed under oath for taxation under his own name, and the bulk of the purchase money actually paid in his own name; while the beneficiaries of the alleged trust, adult persons, one of them, a partner and participator in all this, and there is no hint of any trust in the matter of this purchase until the alleged trustee fell behind and had to borrow money to meet a payment.

There was a trust of real and personal property granted to this party by the will of his brother, W. C. Page. The real estate has not been sold, and the personal property in the first place was insufficient to make this purchase, and in the second place does not appear to have been so invested by sufficient and adequate proof.

The decree of the chancery court not appearing to be erroneous, but plainly right, the same must be affirmed.

DECREE AFFIRMED.